UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRYSTAL L. COX, et al.

          **Plaintiffs,**

          v.                      Case No. 13-C-534

TRACY L. COENEN, et al.,

          **Defendants.**

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE

On May 13, 2013, Crystal L. Cox ("Cox"), proceeding pro se, filed the present action against 36 wide-ranging defendants as well as 25 additional John and Jane Does. (Docket No. 1.) Accompanying her complaint was a motion for leave to proceed in forma pauperis. (Docket No. 2.) Cox has consented to the full jurisdiction of a magistrate judge, (Docket No. 6), and therefore the court must now resolve her motion to proceed in forma pauperis.

Based upon the financial information contained in the plaintiff's motion, the court concludes that the plaintiff lacks the resources to pay the filing fee. Accordingly, the plaintiff's motion to proceed in forma pauperis shall be granted. However, this is only the first part of the court's inquiry.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). In so doing, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the

public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). In order to balance these competing concerns, before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that the plaintiff is unable to pay the $350.00 filing fee and that this case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton, 504 U.S. at 31; Neitzke, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, this does not mean that the court is required to accept without question the truth of the plaintiff's allegations. Denton, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." Id. at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." Id.

However, a claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and therefore be subject dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611 (7th Cir. 2000).

2

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's 124-page complaint.

Cox began posting online unfavorable information about Obsidian Finance Group, LLC and Kevin Padrick. After an attorney for Obsidian and Padrick contacted Cox regarding these postings and threatened a lawsuit, Cox responded in an email indicating that she was offering "PR Services and Search Engine Management Service starting at $2500 a month…." (Docket No. 1 at 20.) Obsidian and Padrick filed suit against Cox District of Oregon and obtained a judgment $2,500,000.00 against Cox on November 30, 2011. (Docket No. 1 at 10); see also Obsidian Finance Group, LLC et al v. Cox, 11-cv-00057-HZ (D. Or.); Obsidian Fin. Group, LLC v. Cox, 812 F. Supp. 2d 1220 (D. Or. 2011); Obsidian Fin. Group, LLC v. Cox, 2012 U.S. Dist. LEXIS 43125 (D.

3

Or. Mar. 27, 2012); Obsidian Fin. Group, LLC v. Cox, 2012 U.S. Dist. LEXIS 8766 (D. Or. Jan. 23, 2012); Obsidian Fin. Group. LLC v. Cox, 2011 U.S. Dist. LEXIS 137548 (D. Or. Nov. 30, 2011); Obsidian Fin. Group, LLC v. Cox, 2011 U.S. Dist. LEXIS 120542 (D. Or. Oct. 18, 2011); Obsidian Fin. Group v. Cox, 2011 U.S. Dist. LEXIS 73413 (D. Or. July 7, 2011).

That case, along with various subsequent actions, attracted media attention, leading to stories in Forbes, the New York Times, on NPR's show "On the Media," and by various bloggers. (Docket No. 1 at 10.) The email where she sought $2,500 a month was disseminated to the media who interpreted the email as Cox attempting to extort Padrick and Obsidian. Cox contends that this email was taken out of context and any suggestion that her conduct was extortionate was defamatory. She emphasizes that she was never criminally charged with extortion. Therefore, she seeks to sue a wide range of persons or entities that reported on her case against Obsidian and Padrick and suggested that her conduct in that matter constituted extortion.

Cox's complaint also contains a largely distinct category of claims that relate to a dispute that materialized with Marc Randazza, an attorney. These claims are loosely connected to her claims involving Obsidian and Padrick in that Randazza and Cox briefly discussed Randazza representing her in her dispute with Obsidian. The entities reporting on Cox's case involving Obsidian also reported about her subsequent dispute with Randazza, at times referring to her conduct in both matters as extortion. However, the core of her dispute with Randazza concerns Cox's registration of a number of internet domain names related to the names of Marc Randazza and his family. She used at least some of these domain names to post disparaging information about Randazza, thus leading Randazza to initiate various actions, including an action in the District of Nevada, Randazza et al v. Cox et al, 12-cv-02040-GMN-PAL, (D. Nev.); see also Randazza v. Cox, 2013 U.S. Dist. LEXIS 25230 (D. Nev. Feb. 22, 2013); Randazza v. Cox, 2013 U.S. Dist. LEXIS 23740 (D. Nev. Feb. 21, 2013); Randazza v. Cox, 2013 U.S. Dist. LEXIS 4555 (D. Nev. Jan. 11,

4

2013); Randazza v. Cox, 2012 U.S. Dist. LEXIS 178048 (D. Nev. Dec. 14, 2012), and actions with the World Intellectual Property Organization ("WIPO") in Switzerland seeking to obtain control over these domain names. The WIPO and the United States District Court ruled for Randazza and in doing so repeatedly characterized Cox's conduct as extortion. In granting a preliminary injunction in favor of Randazza, the court stated:

> Defendants' actions leading up to the filing of the Complaint, as well as Defendants' past behavior, as represented in Plaintiffs' reply briefing, clearly seems to indicate cyber-extortion. Specifically, Defendant Cox's request for $5 million in exchange for <marcrandazza.me> and her offering of "reputation management services" indicate her intent to profit from the registration of Plaintiffs' personal names as Domain Names. Defendant's post hoc attempt to explain this as a "joke" is not credible. Given the fact that the Defendant has been shown to have engaged in a pattern of cybersquatting and cyber-extortion, this Court finds that she was more likely than not, attempting to sell this domain name to the plaintiff, or to solicit a price for the domain name in excess of her out of pocket expenses related to the domain name.

Randazza v. Cox, 2013 U.S. Dist. LEXIS 4555, 11-12 (D. Nev. Jan. 11, 2013) (internal citation omitted). In an earlier decision, the court stated:

> In this case, Defendants have embarked on a campaign of cyber-extortion. Specifically, Cox sent an e-mail to Plaintiff Randazza that informed him that she had purchased <marcrandazza.com> and, in that same email, informed him of her "need to make money." Additionally, Cox currently uses several of the Domain Names to operate websites where she publishes "articles" with the apparent intent to tarnish Plaintiff Radazza's online reputation. Moreover, Cox has actually offered to sell at least one of the Domain Names, <marcrandazza.me>, for $5 million. Similar to the price that the defendant in Bogoni advertised, this price is drastically beyond the actual value of <marcrandazza.me> to anyone other than Plaintiff Randazza. Thus, for these reasons, the Court finds that Plaintiffs will likely succeed in establishing that Defendants had the requisite specific intent to profit.

Randazza v. Cox, 2012 U.S. Dist. LEXIS 178048, 13-14 (D. Nev. Dec. 14, 2012) (internal citations omitted). It added in a footnote, "…the Court finds that Defendants' continued cyber-extortion would irreparably injure Plaintiffs' online reputations." Id. at 15 n. 3.

Likewise, in one decision, the WIPO concluded that Cox's domain registrations were illegitimate because they were "actually components of an artifice intended to extort funds from the Complainant and thus a pretext for a rather egregious variant of cybersquatting." (Docket No. 1 at

5

50.) The WIPO decision continued, "her objective in both registering and using the disputed names was apparently to engage in a rather sinister and tenacious scheme to extort money from the Complainant." (Docket No. 1 at 50.)

Cox again asserts that there was no extortion scheme and notes that she has not been criminally charged, much less convicted, of extortion. (Docket No. 1 at 50.) Thus, she contends that any references to extortion were defamatory and therefore Cox seeks to sue the persons and entities involved in these decisions, including the WIPO, the WIPO panelists who made the decisions, the Nevada federal judge who ruled against her, along with the sheriff's office, sheriff, and deputy who were involved in the execution of a lien imposed against certain property.

Cox seeks a total of $700,000,000.00 from a total of twenty-five named defendants and an additional $5,500,000,000.00 from up to 100 John and Jane Doe defendants. (Docket No. 1 at 121.) However, in identifying the relief she seeks from various defendants, Cox has not named every defendant she identified on the first pages of her complaint.

Having reviewed Cox's complaint, it appears to the court that her complaint might actually be many separate lawsuits improperly joined under Fed. R. Civ. P. 18 and 20. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, there is a substantial question as to why this action was filed in this district. It is doubtful that the court possesses personal jurisdiction over many of the named defendants, see 28 U.S.C. § 1391, few of whom have any apparent connection to this district. The only apparent connection this action has to this district is that two defendants, Tracy Coenen and her employer, Sequence, Inc., appear to be Wisconsin residents. Tracy Coenen occasionally blogged about Cox, referring to Cox's conduct with respect to Obsidian and Randazza, as did the federal court, the WIPO, and many others, as extortion.

However, Coenen and Sequence are tangential to the core of this action, and thus even if the court possessed personal jurisdiction over all defendants, considering the interest of justice, venue

6

in this district would not appear proper under 28 U.S.C. § 1404. If the plaintiff seeks to sue all these defendants in a single action, should that even be possible, it is clear that it could not be in this district. Rather, a district with a more substantial connection to these proceedings, perhaps the District of Nevada, which is the home district of Marc Randazza, would be appropriate.

Marc Randazza appears to be the longest common thread running through Cox's complaint. For example, there is absolutely no relationship between the WIPO in Switzerland and the Multnomah County Sheriff's Office in Portland, Oregon other than the fact that Marc Randazza utilized both in his actions against Cox. And Randazza was a source for many of the news and blog reports on Cox. Thus, transferring this action to the District of Nevada pursuant to 28 U.S.C. § 1404 might appear appropriate. But in addition to it being unclear whether the District of Nevada would possess personal jurisdiction over all the named defendants, transferring this action would be superflouous because Cox has already filed in the District of Nevada a similar action naming nearly all the same defendants. See Cox vs. Randazza, et al., 13-cv-00297-MMD-VCF (D. Nev. Feb. 26, 2013). Moreover, during just the month of May, 2013, Cox filed five other largely identical lawsuits in various district courts across the country. See Cox v. Hill et al., 13-cv-02046-DMR (N.D. Cal. May 2, 2013); Cox v. Godaddy et al., 13-cv-00962-MEA (D. Ariz. May 8, 2013); Cox v. Michaelson, et al., 13-cv-03136-AET-DEA, (D.N.J. May 9, 2013); Cox v. Coenen et al., 13-cv-03633 (N.D. Ill. May 14, 2013); Cox et al v. Carr et al., 13-cv-03257-UA (S.D.N.Y. May 14, 2013). It is not proper for a litigant to file multiple suits against the same defendant and for the same conduct in multiple courts.

In light of the fact that a largely identical action is already pending in a more convenient forum, the court shall not address the merits of Cox's complaint to determine whether any claim is sufficient to proceed. Rather, the court shall dismiss the complaint without prejudice in favor of the action pending in the District of Nevada. Should the want of personal jurisdiction in another district

7

necessitate the re-filing of her claims against the Wisconsin resident defendants in this district, this court's dismissal without prejudice does not bar Cox from taking such action. However, any subsequent action must be narrowly circumscribed to encompass only those defendants over whom the court possesses personal jurisdiction and claims that are not pending elsewhere. If any such action is re-filed and Cox again seeks to proceed in forma pauperis, the court shall then, if necessary, review the merits of her complaint to determine whether it is legally sufficient to proceed.

Finally, Cox has filed a motion seeking permission to file documents in this action electronically. (Docket No. 4.) This motion is moot in light of the court's conclusion that her complaint and this action should be dismissed without prejudice. Alternatively, this motion would be denied. Under this district's "Electronic Case Filing Policies and Procedures Manual," available at http://www.wied.uscourts.gov/index.php?option=com_content&task=view&id=64&Itemid=83, section I, subsection A. 1., pro se litigants are not permitted to file electronically.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2) is **granted**. The plaintiff's complaint and this action are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to file electronically, (Docket No. 4), is **moot**.

Dated at Milwaukee, Wisconsin this 28th day of May, 2013.

*[signature]*
AARON E. GOODSTEIN
U.S. Magistrate Judge